No. 775

MORRIS v. BANKO

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6992. Decided April 18, 1927.

**Reprinted because of ommission.**

1188. TRAFFIC—301 Contributory Negligence—Traffic policeman on duty has right to assume that driver of oncoming automobile will see him.

829. NEGLIGENCE—118. Automobiles—Driver, who when driving on rainy night without windshield cleaner and with only one head light burning, strikes traffic policeman, is guilty of negligence.

Error to Common Pleas.
Judgment reversed.

Payer, Minshall, Karch & Kerr, Cleveland, for Morris.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Banko.

VICKERY, J.

In the court below, Joseph Morris brought an action to recover for personal injuries received by him, by being hit by an automobile driven by the defendant, Alexander Banko. Several allegations of negligence were plead in the petition, an answer was filed, the issues were made up and it was tried to a jury. At the trial of the action, the jury found a general verdict for the defendant. Error is prosecuted to this court to reverse that judgment upon the grounds that it was manifestly against the weight of the evidence; the court erred in submitting the question of contributory negligence to the jury, and that there were errors in the charge of the court with respect to lights, and so forth, and in other particulars.

We gather from the record that Morris was a traffic policeman stationed at St. Clair St. and Eddy Road in the City of Cleveland. St. Clair Street is a wide street, being 50 feet between the curbs, and has double car tracks. The policeman was stationed by the direction of his superior, at the junction of the streets two feet south of the south rail of the east bound track. He had a semaphore with proper signals upon it.

On the night in question, when this accident occurred, it seems to have been a dark and rainy night, and the policeman, the plaintiff, was at his regular place where he was stationed by his superior and had his semaphore turned from east and west bound traffic. The defendant was riding in a car going east and the evidence shows that the plaintiff policeman saw him about 300 feet west of the Eddy Road crossing. At that time he was astraddle of the south rail of the east bound track, and he saw him again in the same direction at about 150 feet. At that time the policeman says he swerved off to the right. Let us say, in passing, that there were 16 or 18 feet between the curb and where the policeman stood at his station, on which the defendant could have driven his automobile. The evidence shows that the policeman then turned his attention to his duties and did not look again at the oncoming automobile and did not know anything more about him until he was struck.

The evidence shows that it was a rainy night; that one of the lights of the defendant's headlights had gone out, and that he had no wind shield cleaner; that the wind shield was so wet that he could not see through it and that he was leaning out on the outside in order to see. In that condition, he ran down the traffic man. It is conceded that, in not having a wind shield cleaner, the defendant was guilty of negligence, and the trial judge, in reviewing the evidence upon the motion for a new trial, said the verdict was clearly against the weight of the evidence unless the patrolman was guilty of contributory negligence, and we presume that it was upon that theory that the verdict was rendered in favor of defendant.

We cannot see any ground whatever for holding that the policeman was guilty of contributory negligence. He had his semaphore in a proper place, he was stationed in a proper place, and was attending to his duties, and, while attending to his duties, he was run down by an automobile driver, who, if he had taken proper precaution and had his windshield cleaned, could have seen the plaintiff standing at his post. It was the duty of the policeman to watch the traffic in both directions on both streets, and he had the right to assume that the oncoming automobile driver would see his semaphore and see him standing at his place of duty. Not having done so, the defendant was guilty of negligence and the verdict of the jury is wrong as being manifestly against the weight of the evidence. There was no contributory negligence on the part of the plaintiff in this case.

(Sullivan, PJ. and Levine, J., concur.)